[Civ. No. 58963. Second Dist., Div. Two. Oct. 30, 1980.]

VICTOR A. MIROLLA, Plaintiff and Appellant, v.
LARRY MENDEZ, Defendant and Respondent;
ASBURY TRANSPORTATION COMPANY,
Intervener and Respondent

---

---

**COUNSEL**

Louis A. Stearns and Gary Kleinman for Plaintiff and Appellant.

Brent A. Karrasch for Defendant and Respondent.

Robert Fuller for Intervener and Respondent.

---

**OPINION**

**FLEMING, J.**—Plaintiff Victor Mirolla appeals an order of the superior court declaring defendant Larry Mendez' vehicle exempt from execution. The issue is whether unperfected liens are included in the exemption provided in Code of Civil Procedure section 690.4 for the first $2,500 of value "over and above all liens and encumbrances" on certain items used by the debtor in his trade or profession.

In October 1978 plaintiff brought an action against defendant in which he alleged that defendant had sold him a stolen vehicle. On October 25 the parties settled the suit for $7,000. The sum was to be paid by defendant in monthly installments of $500, but if defendant defaulted judgment could be entered against him for the unpaid balance plus interest and attorneys' fees. Defendant failed to make the payments, and in August 1979 plaintiff secured a judgment against defendant for $7,000 plus interest and attorneys' fees.

Defendant was in possession of a truck bearing Oregon license plates. Plaintiff's attorney was informed by Oregon's Department of Motor Vehicles that the truck was registered in Oregon to defendant at his Glendale, California, address, that defendant "had clear legal title to the vehicle, and that there [were] no outstanding liens or encumbrances of record on the vehicle." In September 1979 plaintiff directed the Los Angeles County Marshall to levy on the truck.

Thereafter, defendant filed a claim of exemption under Code of Civil Procedure section 690.4, which exempts from execution $2,500 of "aggregate actual cash value...over and above all liens and encumbrances on [various items used by the debtor in his trade or profession] at the time of any levy of attachment or execution thereon," items which include "one commercial motor vehicle reasonably necessary to and actually used [by the debtor] in commercial activity." In the affidavit filed in support of his claim for exemption, defendant, a truck driver, declared that he used the truck levied upon to earn his livelihood, that he had purchased it in May 1978 from Asbury Transportation Company, and that Asbury retained a lien on the truck to secure payments due under the purchase contract. Defendant further declared that since he still owed Asbury $7,900, the vehicle was exempt from execution, because its fair market value (estimated at less than $10,000) did not exceed $2,500 "over and above" the $7,900 lien then held by Asbury. In opposition, plaintiff argued that Asbury's lien was invalid for purposes of defendant's exemption under Code of Civil Procedure section 690.4 because it had never been recorded. In December 1979 the trial court concluded that the vehicle was exempt from execution under Code of Civil Procedure section 690.4, and ordered its release.

■ On appeal, plaintiff contends the trial court erred in finding Asbury's unrecorded security interest valid for purpose of the exemption and in elevating an unperfected lien above a judgment lien acquired by levy on the vehicle. We agree. An unperfected security interest is subordinate to the rights of a judgment creditor who had levied on the property. (Cal. U. Com. Code, §§ 9301, subd. (1)(b), 9301, subd. (3); see also Ore. Com. Code, § 79.3010(1)(b).) Both California and Oregon require a security interest in a motor vehicle to be recorded as a condition of perfection. (Veh. Code, § 6300; Cal. U. Com. Code, § 9302, subd. (1)(d); Ore. Rev. Stat. §§ 481.410; 481.413.)

At bench, it is undisputed that plaintiff was a judgment creditor, that defendant was a judgment debtor, and that Asbury had not recorded its security interest in defendant's truck either in Oregon or California at the time plaintiff levied execution on the vehicle. Accordingly, plaintiff's execution lien is superior to Asbury's unperfected lien, and the latter cannot be considered for the purpose of calculating defendant's exemption under Code of Civil Procedure section 690.4.

■ Defendant and Asbury contend, however, that the release of the vehicle subsequent to the trial court's determination that the vehicle

was exempt from execution, returned the parties to the status quo ante, and that plaintiff therefore must once again levy upon the property to satisfy his judgment. Defendant and Asbury argue that on a second levy Asbury's lien, which has now been recorded, would be valid for purposes of calculating the exemption which defendant would again assert. We disagree. Code of Civil Procedure section 690.50, subdivision (h) states that, when feasible, the levying officer shall retain physical possession of the property levied upon pending final determination of the claim of exemption. Code of Civil Procedure section 690.50, subdivision (j) provides that a copy of the trial court's order shall be transmitted to the levying officer to permit him either to release the property or, if the property is not found to be exempt, to hold it until the judgment becomes final. At bench, the trial court ordered the sheriff to release the vehicle after it concluded that the vehicle was exempt from execution. The release of physical possession of the vehicle pending the appeal in no way disturbed plaintiff's paramount lien under California Uniform Commercial Code section 9301, and Asbury's lien, perfected only after the judgment creditor's levy upon the vehicle, remains ineffective for purposes of the execution sale and the amount of exemption thereon. (Code Civ. Proc., § 689b, subd. (10).)

The order is reversed.

Roth, P. J., and Beach, J., concurred.